TaliafeRRO, J.
The Hibernia Bank, the Citizens’ Bank and the New Orleans National Banking Association, as plaintiffs, institute this action by injunction to restrain and prohibit the defendants from proceeding to sell under executory process certain real estate situate in New Orleans, upon which they hold a mortgage first in rank.
The plaintiffs allege that they are the owners of this property, setting forth that they bought it at a sheriff’s sale previously provoked by the defendants under an order of seizure and sale obtained by them against one Jamison the former owner of the property, and predicated as it seems upon a junior mortgage.
The plaintiffs made parties to this suit, the city of New Orleans, claiming a sum due for taxes on the property, also the State tax collector of the First District of New Orleans, and Nathaniel Montross holder of the notes and mortgage under which the property was sold, were made parties in a kind of concursus and the plaintiffs pray that the proceeds of the sale of the property in their hands be distributed among the creditors of Jamison according to their respective rights of mortgage and privilege.
The answer admits that under a previous order of seizure and sale against the property of Jamison, the defendants caused the said property to be seized and advertised for sale and they reiterate the allegations set forth in their petition in that case and make the proceedings therein a part of their answer in this case. They specially deny that the plaintiffs are the owners of the property in question. They deny the plaintiffs’ right to the injunction and pray that the same be dissolved with damages and for general relief, etc.
During the progress of the case, the Hibernia Bank and the Citizens’ Bank having effected an agreement or compromise with the defendants, withdrew from the case, leaving the New Orleans National Banking Association the sole plaintiff.
The judgment of the court below dissolved the injunction with five per cent, damages against the jdaintiff, on two-fifths of the amount enjoined, viz: the amount collectible on the executory process,principal interest and attorneys fees, calculated to the date of the issue of *61 tile injunction and two-fifths of the costs down to the twelfth of January, 1874.
From this judgment the plaintiff has appealed. The facts of this case appear to he, that on the nineteenth of December, 1872, Nathaniel Montross of New York, took out an order of seizure and sale against certain property mortgaged to him by Samuel Jamison. The suit via execwtiva, was based upon two promissory notes of $5000 each; these notes being two of a series of three, each for $5000. The mortgaged property was seized and sold on the eighteenth February, 1873; the three original plaintiffs in this case became the purchasers at the price of'$52,900. It seems they paid the amount due on the debt for which the property was seized and retained in their hands the remainder to pay prior incumbrances. The city of New Orleans claimed, as due for unpaid taxes against the property,' $7448, together with interests and costs and attorneys fees, and alleged the city’s right to be paid this sum in preference to any and all other creditors. The State tax collector for the First District of New Orleans excepted to the jurisdiction of the court — showed that the State has a first privilege upon the property for all taxes and can not be called in as an ordinary creditor as aimed at by plaintiffs. The judgment in this case already referred to awarded the city the sum of $5775 for taxes, with lien and privilege upon the property in contest, and sustained the exception of Folger, the State tax collector.
' After the first seizure, the one under which the sale was made, Montross .held the other mortgage note of the same series of three of $5000 each, and he held besides $12,500 in notes of Jamison secured by first mortgage on the same property. S. Smith & Co., also held mortgage notes of Jamison to the extent of $12,500 secured by the first mortgage; upon this amount Smith & Co., in May, 1873, took executory proceeding against the property and it is upon these proceedings that this injunction suit is founded, being number 5287'.
In November following, Montross proceeded via exeoiitiva on his three notes for $17,500, and caused the property to be seized and advertised for sale. Thereupon the plaintiffs aforesaid again resorted to injunction to stay and prevent the sale, forming the suit number 5286.
In this case, No. 5287, we see no sufficient object there would be in remanding it. In the case 5286, Montross answered without excepting to the jurisdiction. Judgment was rendered in each case on the same day. We think in the case No. 5287 the decree is erroneous so far as it renders judgment in favor of the city for taxes and correct as to dissolving the injunction. It will be in time, after the execution of the | order of seizure_and sale now pending, for the claim for taxes to be presented. Reserving to the city her right to be paid the taxes due out of *62 the proceeds of Sale when made, it is ordered that the judgment appealed from so far as it condemns the plaintiff to pay the city $5775 for taxes with interest and costs, be annulled and reversed and that the judgment as thus altered and amended be affirmed. The appellees paying costs of this appeal.
Rehearing refused.